IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BEATRICE HUDSON, ) | |
| ) | 8:05cv462 |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| vs. ) | |
| ) | |
| CITY OF OMAHA, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on filing no. 2, the Motion to Proceed In Forma Pauperis ("IFP") filed by the plaintiff, Beatrice Hudson. The plaintiff has sued the City of Omaha, alleging racial discrimination, based on tickets issued to the plaintiff by Omaha police officers. The court notes that the above-entitled case is one of the plaintiff's seventeen federal civil rights lawsuits filed in recent months, each accompanied by a request to proceed IFP. At least nine of those cases have involved claims against the City of Omaha and its agencies such as the police department and the public library. The plaintiff has prevailed on none of those cases, and many have been dismissed as frivolous. Many of the cases involve various hostile encounters between the plaintiff and other persons, after which the plaintiff received a ticket or other restraint. The plaintiff is particularly inclined to engage in altercations with the Omaha Police Department, followed by litigation.

The plaintiff has also sued the "Douglas County Court Administration," as she has before in Case Nos. 8:04cv333, 8:05cv384 and 8:05cv428, relating to state court custodial and protection orders. As this court has explained in the plaintiff's previous cases, a federal district court has no appellate jurisdiction over any state court and does not possess authority to review or alter final judgments of a state court in judicial proceedings. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

Federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Feldman, 460 U.S. at 486. The "Rooker-Feldman doctrine" bars an action in federal district court "when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered, or must take action that would render the state judgment ineffectual." FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir.1996) (citation omitted).

Thus, the "Rooker- Feldman doctrine" prevents federal district courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state-court judgment. Consequently, as to all of the plaintiff's claims based on proceedings in the Nebraska state courts, the relief sought by the plaintiff cannot be granted in this court.

In this case, the plaintiff's factual allegations do not state a federal civil rights claim on which relief may be granted. That a variety people with whom the plaintiff engages in fights are white and the plaintiff is African-American does not give rise to a presumption of racial discrimination. In addition, conclusory allegations of racism, racial profiling, conspiracy, discrimination and retaliation do not transform a state-court tort action, at most, into a federal constitutional claim.

By moving for leave to proceed IFP, the plaintiff subjects her complaint to review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

The plaintiff's motion for leave to proceed IFP is denied because the plaintiff's allegations do not state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Therefore, by October 17, 2005, the plaintiff shall pay the $250 filing fee, in the absence of which this case may be subject to dismissal by Senior District Judge Lyle E. Strom.

**THEREFORE, IT IS ORDERED:**

1. That filing no. 2, the plaintiff's Motion to Proceed IFP, is denied;

2. That the plaintiff shall pay the court's $250 filing fee by October 17, 2005, and

3.      That in the absence of the filing fee by October 17, 2005[1], this case may be subject, without further notice, to dismissal without prejudice.

DATED this 3rd day of October, 2005.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge

---

[1] Even if the plaintiff pays the court's $250 filing fee, the case could be dismissed on other grounds.

3